<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRAD STOKES, | : | |
| Plaintiff, | : | Civil No. 09-5470 (JAP) |
| v. | : | |
| NEW BRUNSWICK, N.J. POLICE DEPT., | : | <u>OPINION</u> |
| Defendants. | : | |

**APPEARANCES**:

    BRAD STOKES, #374941B, Plaintiff <u>pro se</u>
    Jones Farm Annex
    P.O. Box 7100
    West Trenton, New Jersey  08628

**PISANO**, <u>District Judge</u>

    Plaintiff Brad Stokes, a prisoner confined at Jones Farm Annex, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  The Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and, for the reasons expressed below and in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), dismiss the Complaint, without prejudice to the filing of an amended complaint stating a cognizable Fourth Amendment claim under 42 U.S.C. § 1983.

**I.  BACKGROUND**

    Plaintiff asserts violations of his constitutional rights by the New Brunswick Police Department, State of New Jersey, detectives Drew Weiss and Paul Schuster, Probation Officer Justin Marrotte, Assistant Prosecutor Christopher Kuberiet, and Superior Court Judge Barbara Stolte.  Plaintiff asserts the following facts in his statement of claim:

> On Dec. 3, 2008 State of New Jersey arrested plaintiff on false charge of resisting arrest committing a deli[b]erate act of perjury a bogus charge and false imprisonment. plaintiff was arrested for pre[]judice reasons illegal search and se[iz]ure in violation of plaintiffs Civil Am[]endment rights under constitutional prohib[it]ed law fourth and fourteen[th] amendment. I was violated for my richly dress style in a mink coat with Gold and Diamond jewelry on and in new transpo[r]tation because of being in an area that[']s urban social et[h]nic. Location New Brunswick, N.J. Time 11:45 p.m. Det. Drew Weiss Prosecutor Christoph Kuberiet charge[d] me with a second degree eluding when in fact it is only 3rd degree. I even filled out a motion for bail reduction when I was not being charge[d] with drugs. one count of eluding this went on from Dec 3, 2008 until March of 2009. Judge Barbara Stolte and Christoph Kuberiet courtroom 504 both of them were charging me with a 2nd degree charge my bail started from 10,000 20,000 25,000. Justin Marrotte - probation officer lied under oath to the same judge about a November 25, 2008 stating to the courts that I tested positive for drug use when there is no such record on file.

(Docket Entry #1, p. 6.)

Plaintiff further alleges that Detectives Weiss and Schuster violated his constitutional rights as follows: "There is no proof of probable cause. no traffic tickets or motor vehicle violations on record under the 2C:29-2b rule. police guns aim at me point blank range which le[d] to my brand new motor vehicle towed and impounded." (Docket Entry #1 at p. 5.) Plaintiff states that he did not fail to cooperate with a routine police stop and that the charge of resisting arrest was pure harassment. (Id.) Plaintiff seeks damages of 32.5 million dollars. (Id. at p. 7.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or

entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). The pleading standard under Rule 8(a)(2) was refined by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of

>action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before Iqbal.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  Since Iqbal, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

>First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [See Iqbal, 129 S. Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.]  In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief*.'"  Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

4

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed.

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487

U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

This Court will dismiss New Brunswick Police Department and the State of New Jersey as defendants with prejudice because these entities are not "persons" who may be sued under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Petaway v. City of New Haven Police Dept., 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993).

This Court will also dismiss Judge Stolte and Assistant Prosecutor Christopher Kuberiet as defendants because they are immune from suit for damages under § 1983. A prosecutor is absolutely immune from a damage action under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)). And "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)). Because the alleged wrongdoing by Judge Stolte and prosecutor Kuberiet consists of acts relating to Plaintiff's state criminal prosecution, the damage claims against these defendants will be dismissed with prejudice. See Imbler, 424 U.S. at 410; Mireles v. Waco, 502 U.S. 9 (1991); Capogrosso v. the Supreme Court of the State of New Jersey, 588 F. 3d 180 (3d Cir. 2009).

Plaintiff also seeks damages for violation of his constitutional rights against Probation Officer Marrotte for testifying falsely under oath. This claim fails because a witness, including a police or probation officer, is absolutely immune from suit for testifying falsely. See Briscoe v.

LaHue, 460 U.S. 325, 330-346 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

Finally, Plaintiff seeks damages under § 1983 against police officers Schuster and Weiss. Plaintiff asserts that he was arrested on December 3, 2008, even though there was "no proof of probable cause." (Docket Entry #1 at p. 5.) However, Plaintiff does not assert that facts showing that Schuster and/or Weiss were the officers who actually arrested him or otherwise caused his arrest. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. Because the Complaint makes no non-conclusory factual allegations regarding wrongdoing by defendants Weiss and Schuster, and vicarious liability does not apply under § 1983, this Court will dismiss the claims against Weiss and Schuster for failure to state a claim upon which relief may be granted.

This Court is dismissing the claims against all named defendants. However, because a court should not dismiss a complaint with prejudice without granting leave to amend unless it finds bad faith, undue delay, prejudice or futility, and Plaintiff may be able to assert facts stating a cognizable Fourth Amendment claim under 42 U.S.C. § 1983 against officers Weiss and/or Schuster (if those officers were the arresting officers), the dismissal of the Complaint will be without prejudice to the filing of an amended complaint stating a cognizable Fourth Amendment

7

claim under § 1983 against at least one of the named defendants.[2]  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint.  The Court will enter an appropriate Order.


                                   /s/ JOEL A. PISANO
                                   **JOEL A. PISANO, U.S.D.J.**

Dated: July 6, 2010

---

[2] The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause.  See Albright v. Oliver, 510 U.S. 266, 274-75 (1994).  But "when an officer has probable cause to believe a person committed even a minor crime . . . the balancing of private and public interests is not in doubt [and t]he arrest is constitutionally reasonable." Virginia v. Moore, 553 U.S. 164, 171 (2008).  "To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested." Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); accord Revell v. Port Authority of New York, New Jersey, 598 F. 3d 128, 137 n.16 (3d Cir. 2010).

Plaintiff should be aware that, even if the Complaint had alleged that officers Weiss and/or Schuster arrested him without probable cause, this would not satisfy the Iqbal pleading standard.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . .  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). If Plaintiff elects to file an amended complaint against Weiss or Schuster, he should assert who did what on December 3, 2008, which resulted in his arrest.